F I L E D
CLERK OF COURT

2024 OCT 31 PM 4:08

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

NITASHA MARIE CRUZ MARTINEZ,
DOB: 12/04/1990

                        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0076-23**
GPD Report Nos. 22-25069/23-02942/21-14603/23-02941

**DECISION & ORDER
RE. MOTION TO DISMISS**

This matter came before the Honorable Alberto E. Tolentino on August 29, 2024, for a Further Proceedings. Defendant Nitasha Marie Cruz Martinez ("Defendant") was present via Zoom with counsel Attorney Dean Manglona. Assistant Attorney General Kathleen O'Neil was present for the People of Guam ("People"). During the hearing, the court addressed the Defendant's Motion to Dismiss. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion to Dismiss.

\\

\\

\\

## BACKGROUND

The Defendant was charged with Theft By Receiving (As a Petty Misdemeanor) for events that occurred on or about January 31, 2023.[1] The Public Defender Service Corporation ("PDSC") was originally appointed as counsel for the Defendant in this case.[2] Due to a conflict of interest, PDSC withdrew its representation leading the court to appoint Attorney James Spivey as counsel for the Defendant.[3] The court set August 21, 2023, as the deadline for counsels to exchange discovery or file a Motion to Compel Discovery.[4] However, on November 22, 2023, the court appointed Attorney Joyce Tang as counsel for the Defendant.[5]

On July 3, 2024, the Court ordered the People to provide discovery to the Defendant by the close of business that same day.[6] Two days later, the Defendant filed her Motion to Dismiss ("Motion") the petty misdemeanor charge contained in the Indictment; which would essentially dismiss the case against her as this was the only charged filed against her.[7] The basis of the Motion was the People's failure to timely produce discovery after the court had ordered them to do so on July 3, 2024.[8] The People filed its Opposition to the Motion ("Opposition") on July 19, 2024. The court addressed the Motion on August 29, 2024, and took it under advisement. The Defendant then filed her Reply to the Opposition ("Reply") the following day.

\\

\\

\\

---

[1] Indictment (Feb. 17, 2023).
[2] Notice of Court Appointed Counsel (Feb. 1, 2023).
[3] Arraign. Hr'g Mins. at 10:18:14AM (Mar. 1, 2023).
[4] Criminal Trial Scheduling Order (Mar. 27, 2023).
[5] Notice of Court Appointed Counsel (Nov. 22, 2023).
[6] Further Proceedings Mins. at 11:01:40AM (July 3, 2024).
[7] Mot. Dismiss (July 5, 2024).
[8] *Id.*

## DISCUSSION

**A. The People violated its discovery obligation to the Defendant.**

8 GCA § 70.10(a) states that upon the defendant's noticed motion, the court shall order the People to disclose to defense counsel "material and information within his possession or control, the existence which is known, or by the exercise of due diligence may become known to the prosecuting attorney." Further, all parties have a continuing duty to disclose to the other party, attorney, or the court "additional material or information *previously requested or ordered*, which is subject to disclosure." 8 GCA § 70.40 (emphasis added).

Although the People submitted discovery to PDSC back in 2023, who was still appointed at that time, there was no record demonstrating that the People or previously appointed counsels submitted discovery to either James Spivey or Joyce Tang upon their respective court appointments. Opp'n, Ex. A (July 19, 2024). However, since Attorney Joyce Tang's appointment on November 22, 2023, she has not filed a Motion to Compel Discovery. The parties first addressed discovery on the record on March 27, 2024:

> MANGLONA: I've had a chance to speak with the prosecutor in this case and we are going to look into whether discovery's been provided. I don't think my office has received discovery yet. And also, we are open to a plea deal. We just need to get an offer on the table.
>
> THE PEOPLE: In turn, that is both true. We will verify that discovery was sent out to counsel. I don't see that immediately in my file once they were appointed in this matter.

Further Proceedings Mins. at 10:38:11–38:40AM (Mar. 27, 2024).

\\

\\

\\

\\

When the court continued this Further Proceedings to July 3, 2024, the Defendant informed the court that her counsel's office still had not received discovery after the last request approximately four months earlier. The record was set out as follows on the matter:

> MANGLONA: And your honor, it doesn't appear we've received discovery from the government. So, we're still waiting on that; on a request made back in March.
>
> COURT: On a 2023 case? Okay, that's not right. Understanding that this has gone through a couple of lawyers, or one other lawyer. But the court will order that discovery be provided to Mr. Manglona's Office on or before close of business today. So, they have at least something to go on, aside from an indictment that accuses his client of theft by receiving as a petty misdemeanor. Okay? August 30[th] at 2:00PM. Alright? Mr. Manglona, if you haven't received the discovery, you can make an appropriate motion, okay?

Further Proceedings Mins. at 11:04:05–04:57AM (July 3, 2024). Two days later, the Defendant then filed her Motion, arguing that she had not received discovery from the People after making requests on January 31 and March 27 of 2024, and the court's order on July 3, 2024. Mot. Dismiss at 2 (July 5, 2024). In the contrary, the People argue that they had no notes regarding discovery for Further Proceedings held on January 31[9] and July 3 of 2024. Opp'n at 2 (July 19, 2024).

The People submitting discovery on the same day as it filed its Opposition, in spite of the court's order and previous requests made on the record, is a clear discovery violation. Based on the court's record and the parties' pleadings, the court finds that the People failed to comply with its discovery obligation to the Defendant.

**B. Dismissal is not an appropriate sanction against the People in this case.**

If the court becomes aware that a party has failed to comply with a court order, "the court may order such party to comply with the prior order, grant a continuance, or issue such other order as it deems just under the circumstances." 8 GCA § 70.45.

---

[9] In its Opposition, the People stated in error that the hearing occurred on January 1, 2024; the court held no hearings for this case in January until January 31, 2024.

When trial judges select a sanction to impose against counsel, the Guam Supreme Court has iterated that the appropriate sanction is "proportionate to the misconduct." *People v. Tuncap*, 1998 Guam 13 ¶ 24 (quoting *United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir. 1983)). In addition, the trial court should impose the least severe sanction to achieve "prompt and full compliance with the court's discovery orders." *Id.* (quoting *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. 1982)).

The People argue in its Opposition that when complying with the discovery requirements in this case, dismissal is an extreme sanction against the People. Opp'n at 2 (July 19, 2024). However, as this court just found, the People did not comply with discovery requirements in this case. During a Further Proceedings, the parties made the following record regarding the proper remedy in this case for untimely discovery:

> MANGLONA: Yes, Your Honor. This is a petty misdemeanor case. Our position is that this case should be dismissed for reasons set forth in our motion, Your Honor; because the People failed to timely produce discovery in this case despite prior requests for them. And the People's Opposition is really that 'dismissal would be an extreme sanction.' We don't think so. We think this would be a slap on the wrist. I think it was Ms. Kristine Borja who previously represented the People, and in the process of negotiating, she was working on some plea offer. We haven't received any yet. So, that's where we are.
>
> COURT: So, your office is claiming that, or asserting that, discovery in this case was not received?
>
> MANGLONA: It was untimely produced. The court had ordered that the Attorney General's Office produce discovery by July 4th or 5th. They did not until July 19. It's in violation of the court's order. That's what prompted the Motion to Dismiss.
>
> THE PEOPLE: Your Honor, I believe that this was previously assigned to an Attorney Spivey.
>
> COURT: He passed away.
>
> THE PEOPLE: Right. And discovery was provided to him, which should have forwarded to counsel; but it wasn't. We have provided it, and I don't think that's grounds for dismissal.

COURT: In contravention of the court's order that it be delivered on or before July 3rd? I think it was?

MANGLONA: That's correct, Your Honor.

PEOPLE: I mean there could be other remedial sanctions, but dismissal is not warranted.

MANGLONA: Your Honor, this is a petty misdemeanor case. We spent over a year on this case. I've asked discovery before. And it's because of this prior request, that the court ordered the people to produce it within a day. They didn't do that. They waited until the 19th of July when they filed their Opposition.

Further Proceedings Mins. at 2:18:42–21:10PM (August 30, 2024). As the record reflects, the Defendant argues that dismissal is an appropriate sanction in this case. However, dismissal is deemed an extreme sanction, because it would prevent the case from going forward on its merits. *Tuncap,* 1998 Guam 13 ¶ 27. Unless there is "flagrant and prosecutorial misconduct," dismissing an indictment is not an appropriate sanction. *People v. Naich,* 2013 Guam 7 ¶ 33 (quoting *United States v. Jacobs,* 855 F.2d 652, 655 (9th Cir. 1988)). The Guam Supreme Court has found that the better policy when applying sanctions is to choose one that "affect[s] the evidence at trial and the merits of the case as little as possible." *People v. Martinez,* 2017 Guam 23 ¶ 14 (quoting *Tuncap,* 1998 Guam 13 ¶ 23 (citation and internal quotation marks omitted)).

To decide whether a sanction like dismissal is an appropriate sanction for a discovery violation, the court utilizes the following factors enumerated in *United States v. Sarcinelli*: (1) reasons why the disclosure was not made; (2) the extent of the prejudice, if any, to the opposing party; (3) the feasibility of rectifying that prejudice by a continuance, and (4) any other relevant circumstances. *Martinez,* 2017 Guam 23 ¶ 15; *see also Naich,* 2013 Guam 7 ¶ 31.

The first factor considers the reasons why disclosure was not made. Albeit untimely, the discovery in this case was disclosed to the Defendant. However, the People's reasons for the

untimely disclosure include the absence of any notes by the People regarding outstanding discovery, as well as, "any email to the Office of the Attorney General service email or letter in the file that show that previous counsels had not forwarded the discovery to current counsel." Opp'n at 2. Even with the lack of notes or emails from opposing counsel, the several requests by the Defendant and a court order to the People prove that discovery was still outstanding. This factor weighs in favor of dismissal.

The second factor looks at the extent of prejudice, if any, to the opposing party. Here, the Defendant has been waiting over year to resolve this petty misdemeanor case. However, since counsel Joyce Tang had been appointed to this case, she had not filed a Motion to Compel Discovery before seeking dismissal of the case altogether. The court does not view the People's untimeliness in this matter as so prejudicial that a sanction like dismissal is appropriate. Although the Defendant is released in this case, she still has been prejudiced. This factor weighs against dismissal.

The third factor asks to determine whether a continuance of the trial is a feasible rectification of the Defendant's prejudice. The Defendant waived her right to speedy trial on March 15, 2023. Arraign. Hr'g Mins. at 10:10:11AM (Mar. 15, 2023). After the court appointed Attorney Spivey to this case, the court filed its Criminal Trial Scheduling Order on March 27, 2023, setting a date for Jury Selection and Trial on November 1, 2023. Criminal Trial Scheduling Order (Mar. 27, 2023). But since then, there has been no movement towards trial or intent to resolve this case through a trial. At the most recent Further Proceedings, the Defendant acknowledged that she was still waiting for an offer from the People in a Plea Agreement. Further Proceedings Hr'g Mins. at 2:13:44PM (Oct. 4, 2024). However, the Defendant still had no expressed any intent to proceed with trial since. This factor weighs against dismissal.

The fourth factor takes into account other relevant circumstances when determining an appropriate sanction. The court agrees that the People have not shown how it complied with discovery requirements, considering it sent discovery over two weeks after the court ordered it to do so by close of business. Since the People had initially sent discovery to the first appointed attorney – PDSC – the court has subsequently appointed two different attorneys as the Defendant's counsel; and different Assistant Attorney Generals have handled this matter for the People. Although the court does recognize a violation was made, the court does not find that the People's untimely disclosure of discovery constitutes as "flagrant and prosecutorial misconduct" given these circumstances. This factor weighs against dismissal.

After applying the *Sarcinelli* factors to dismissal as the Defendant's proposed sanction, the court finds that dismissal would not be an appropriate sanction in this case.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

The court hereby **DENIES** the Defendant's Motion to Dismiss. In the event this matter proceeds to trial, the court further **ORDERS** that all discovery material that the Defendant untimely received may not be used for any purpose by the People of Guam.

SO ORDERED this _10/31/2024_ .



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

AG, C:ville &
Tang
Date: _____ Time: _____
Antonio A Cruz
Deputy Clerk, Superior Court of Guam